

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,039-02

### EX PARTE ROBERT WALTER FISCHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2004CR0216-W2 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. *Yeary, J., not participating.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of murder and sentenced him to 99 years in prison. The conviction was affirmed on direct appeal. *Fischer v. State*, No. 04-05-00834-CR (Tex. App.—San Antonio del. Jun. 10, 2009). This Court denied Applicant's initial habeas application that challenged the merits of the conviction. *Ex parte Fischer*, No. WR-79,039-02 (Tex. Crim. App. del. Mar. 20, 2013).

Applicant contends in this subsequent habeas application that relevant scientific evidence contradicts the State's forensic ballistic evidence that was presented at trial. The claim is based on

a new legal basis—Article 11.073 of the Code of Criminal Procedure, which became effective after Applicant's initial habeas application was denied. It states in pertinent part as follows:

> (a) This article applies to relevant scientific evidence that: (1) was not available to be offered by a convicted person at the convicted person's trial; or (2) contradicts scientific evidence relied on by the state at trial.

> (b) A court may grant a convicted person relief on an application for a writ of habeas corpus if: (1) the convicted person files an application, in the manner provided by Article 11.07, 11.071, or 11.072, containing specific facts indicating that: (A) relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial; and (B) the scientific evidence would be admissible under the Texas Rules of Evidence at a trial held on the date of the application; and (2) the court makes the findings described by Subdivisions (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been convicted.

The trial court finds that Applicant's habeas evidence does not contradict the ballistic evidence relied upon by the State at trial. After an independent review of the record, this Court agrees. Further, Applicant fails to show that his habeas evidence regarding this claim was not ascertainable through the exercise of reasonable diligence before trial.

Applicant also claims, under Article 11.073, that new scientific evidence concerning cell-phone-tower location data contradicts the cell-phone-tower location evidence presented at his trial. According to the trial court, this habeas evidence "was unavailable to Applicant at the time of his trial and also contradicts evidence relied upon by the State at trial." The trial court finds that the evidence would be admissible and that, had the jury known of the evidence, Applicant would not have been convicted. The trial court states as follows:

> The court has considered the scientific evidence supporting Applicant's second ground for relief and the evidence presented and relied upon by the State at trial. Cell tower technology is a continually evolving science that can often serves as the crux

of the State's case. As the State's case was primarily circumstantial, the court finds that the scientific evidence presented at trial regarding cell tower technology and the testimony that followed regarding Applicant's approximate location at or around the time of the offense was vital to the outcome of the case. Thus, the court finds that Applicant has met his burden in proving by a preponderance of the evidence that had the scientific evidence supporting ground two been presented at trial, Applicant would not have been convicted.

This Court remains unconvinced that the trial court's findings on this claim are supported by the record. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall conduct a live evidentiary hearing regarding Applicant's cell-phone-tower-location-data claim.

It appears that Applicant is represented by habeas counsel. If Applicant is not represented by habeas counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact assessing the credibility of the witnesses and shall make additional findings regarding whether the habeas evidence upon which Applicant relies was ascertainable through the exercise of reasonable diligence before Applicant's trial. The trial court shall also make findings regarding laches. *Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *overruled in part by Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013).

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish